OPINION
{¶ 1} This appeal is an appeal from the Muskingum County Court of Common Pleas, Division of Domestic Relations from the trial court's decision as to parental rights and responsibilities in favor of Appellee.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and Appellee are the parents of Samantha Elise McGee, who was born on October 21, 2003.
 {¶ 3} The parties to this appeal were never married.
 {¶ 4} Genetic testing established that Appellee was the father.
 {¶ 5} Appellee on November 14, 2003, filed his motion to determine parental rights and responsibilities.
 {¶ 6} A magistrate heard evidence and recommended to the court that such rights and responsibilities be granted to Appellee. Appellant's objections were not accepted by the trial court which affirmed the magistrate's decision.
 {¶ 7} The two Assignments of Error are:
 ASSIGNMENT OF ERROR {¶ 8} "I. The trial court abused its discretion in adopting the magistrate's decision, which is against the manifest weight of the evidence."
 {¶ 9} "II. The trial court abused its discretion in adopting the magistrate's decision in violation of r.c. 3109.04(f)(1)."
 I., II. {¶ 10} We shall address both Assignments of Error simultaneously as each concern the statutory factors to be considered and the testimony related thereto.
 {¶ 11} As to the First Assignment, in reviewing the records as to the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172. Because the trier of fact is in a better position to observe the witnesses= demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 12} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279.
 {¶ 13} Both the First and Second Assignments assert abuse of discretion while the Second directs such abuse to a violation of R.C. 3109.04(F)(1).
 {¶ 14} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 15} R.C. 3109.04 states as follows:
 {¶ 16} "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 17} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 18} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 19} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 20} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 21} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 22} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 23} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 24} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 25} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 26} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 27} We agree with Appellee that subsections (b), (e), (g), (h), (i) and (j) of R.C. 3109.04(F)(1) are inapplicable to the facts presented.
 {¶ 28} In examining the magistrate's decision, which the court adopted, we find that each of the applicable factors of R.C. 3109.04 were examined in detail.
 {¶ 29} The magistrate found that Appellant would not encourage a relationship between Samantha and Appellee and that extreme enmity between Mr. McGee, the person with whom Appellant lives, and Appellee exists.
 {¶ 30} The magistrate found that neither party focused on the best interests of the child but that Appellee would be more likely to foster the mother-child relationship and, overall, it would serve the child's best interests for Appellee to be the custodial parent.
 {¶ 31} While Appellant discredits the testimony presented in support of the decision, the hearing officer was best able to judge the credibility of the witnesses .
 {¶ 32} We therefore, after a thorough examination of the transcript, determine that the decision is based on competent credible evidence, that the manifest weight supports the decision and that all applicable statutory factors were considered.
 {¶ 33} This cause is affirmed at Appellant's costs.
Boggins, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Common Pleas Court, Division of Domestic Relations, is affirmed. Costs assessed to Appellant.